UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ILYA KHAIMOV, on behalf of himself and all others similarly situated**,<br><br>Plaintiff,<br><br>v.<br><br>**TRANSUNION, LLC and TRANSWORLD SYSTEMS, INC.**<br><br>Defendants. | Civil Case No.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff, Ilya Khaimov, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging Defendant TransUnion, LLC ("Transunion") prepared credit reports concerning her and class members for an impermissible purpose in violation of the FCRA.

2. Plaintiff, Ilya Khaimov, also brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") against Defendant Transworld Systems, Inc. ("Transworld") for obtaining credit reports concerning him and class members without a permissible purpose in violation of the FCRA.

3. Plaintiff further alleges Transunion failed to follow reasonable procedures to ensure that its customers, such as Transworld, have a permissible purpose for obtaining credit reports on individuals such as Plaintiff and the class.

4. Plaintiff seeks statutory, actual, and punitive damages for himself and class members, injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

All defendants regularly conduct business within the state of Washington, and violated Plaintiffs rights under the FCRA in the state of Washington as alleged more fully below.

6. Venue is proper in this district under 28 U.S.C. 1391(b) because both Defendants conducts business in this district, and all of the facts underlying this claim – the impermissible requesting of Plaintiff's credit report - occurred in this district.

## PARTIES

6. Plaintiff, Ilya Khaimov ("Plaintiff"), is a resident of Queens County New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Transunion is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Transunion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Transunion is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

9. Defendant Transworld is a debt collector and operates out of an address located at 1105 Schrok Road, Suite 300, Columbus, Ohio 43229.

## FACTUAL ALLEGATIONS

10. Sometime prior to September of 2017, Plaintiff incurred an alleged debt to New York City, which included tolls and violation fees.

11. Sometime thereafter, Transworld was hired to attempt to collect the alleged debt.

12. Transworld routinely collects unpaid debts owed to government and administrative entities, including for unpaid tolls and violations. As part of that process, Transworld routinely seeks information from consumer's credit reports with the hopes of finding assets or bank accounts to attach, or to locate a place of employment.

13. Beginning around September of 2017, Transworld began regularly requesting from Transunion Plaintiff's credit report to assist them in collecting a debt.

14. Transworld continued to request, and Transunion continued to provide them, a copy of Plaintiff's credit report, for the purpose of assisting them in collecting the debt for the Driving Ticket.

15. Pursuant to the FCRA, credit report may be obtained for collection purposes only "in connection with a credit transaction involving the consumer." 15 U.S.C. §1681b(A)(3).

16. Since the enactment of the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), case law in the 9th Circuit has clearly and unambiguously defined the term "credit" as used in the FCRA, did not include compulsory or involuntary debts, such as driving tickets. See e.g. *Pintos v. Pacific Creditors Ass'n*, 504 F.3d 792 (9th Cir. 2007).

17. Following that ruling, Transunion provided a memorandum to all of its subscribers, including Transworld, warning them against obtaining credit reports for involuntary debts. Transunion noted "Federal courts recently have issued rulings about the use of consumer reports for the collection of an account under the Fair Credit Reporting Act (FCRA). The collection of an account is a permissible purpose to obtain a consumer report ***only when the collection is in connection with a credit transaction.***" (emphasis added).

18. Obtaining a consumer report without a permissible purpose violates the consumer's right

to privacy and a core purpose of the FCRA. 15 USC § 1681(a)(4) ("grave responsibilities with… respect for the consumer's right to privacy"); *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (FCRA purpose "to protect consumer privacy"). Consumer reports contain a, "sea of sensitive consumer information." *Cole v. U.S. Capt. Inc.*, 389 F.3d 719 (7th Cir. 2004).

19. Transunion, aware that Transworld collects toll violations and other government debts, failed to have a procedure in place to ensure that Transworld would not be permitted to obtain Plaintiff's and the putative class members credit reports for an impermissible purpose.

20. As a result of Defendants' conduct, Plaintiff has been harmed, by the Defendants invading his privacy and sharing and obtaining Plaintiff's personal and private information.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a nationwide wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all others similarly situated.

22. The Class (hereinafter, "Class") consists of: All natural persons residing in the United States whose consumer report as defined by 15 U.S.C. § 1681a(d) was furnished to Transworld by Transunion for the purpose of collecting a debt arising out of any toll violation owed to the Metropolitan Transportation Authority in the United States. The class excludes all persons who have filed for bankruptcy.

23. The Class period begins two years prior to the filing of this Action.

24. This Action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a) Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds, or thousands, of persons whose credit reports were furnished by Transunion to Transworld for the purpose of collecting debts arising out of traffic violations in the United States;

b) There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

> i. Whether the defendants violated various provisions of the FCRA including but not limited to 15 U.S.C. § 1681b.
>
> ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;
>
> iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
>
> iv. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.
>
> v. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

c) Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

d) Plaintiff will fairly and adequately protect the interest of the Class and has retained

competent attorneys to represent the Class.

e) A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

f) A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

g) Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

## OBTAINING CREDIT REPORT FOR IMPERMISSIBLE PURPOSE
## 15 U.S.C. § 1681b

***(As To Defendant Transworld)***

25. All preceding paragraphs are realleged.

26. Plaintiff brings Count I of this action for himself and on behalf of the Class.

27. Section 1681b(f) of the FCRA prohibits any person from using or obtaining "a consumer report for any purpose unless the consumer report is obtained for a purpose for which the

consumer report is authorized to be furnished" under section 1681b of the FCRA.

28. The collection of a debt alleged to have arisen out of driving violations is not a permissible purpose for obtaining a consumer's credit report. See, Pintos v. Pacific Creditors Ass'n, 605 F.3d 665 (9th Cir. 2010).

29. Plaintiff's Transunion consumer report reflects that Transworld submitted a request to Transunion for a copy of Plaintiff's consumer report on March 28, 2018, April 09, 2018, June 12, 2018, and August 17, 2018.

30. Upon information and belief, the purpose for which Transworld requested a copy of Plaintiff's consumer report from Transunion was to collect the Driving Ticket debt.

31. Transworld is an alleged creditor of Plaintiff, or debt collector in connection with an alleged debt owed by Plaintiff, solely with respect to the Driving Ticket debt.

32. Upon information and belief, Transunion furnished a consumer report concerning Plaintiff to Transworld in response to its requests for the same.

33. Upon information and belief, Transworld used a copy of Plaintiff's Transunion consumer report for the purpose of collecting the Driving Ticket debt.

34. The obtaining and use of Plaintiff's consumer report for the purpose of collecting debts arising out of this involuntary debt is a violation of sections 1681b(a) and 1681b(f) of the FCRA.

35. Defendant's conduct caused actual damages, in invading the Plaintiff's privacy and unlawfully obtaining and viewing the Plaintiff's private and personal information.

36. Defendant's violations of the FCRA were willful, giving rise to liability under 15 U.S.C. § 1681n, because Transworld knew that it could not obtain or access credit reports to collect on involuntary debts such as traffic tickets, but recklessly did so anyway.

37. Defendant's violations were further negligent, giving rise to liability under 15 U.S.C. § 1681o.

## COUNT II

## FURNISHING CREDIT REPORT WITHOUT A PERMISSIBLE PURPOSE
## 15 U.S.C. § 1681b

*(As To Defendant TransUnion)*

38. All preceding paragraphs are realleged.

39. Plaintiff brings Count II of this action for himself and on behalf of the Class.

40. Section 1681b(a) of the FCRA provides that a consumer reporting agency may furnish a consumer report to a third-party solely under the circumstances listed thereunder.

41. The collection of a debt alleged to have arisen out of driving violations is not a permissible purpose for furnishing a credit report to a third-party under the FCRA.  See, Pintos v. Pacific Creditors Ass'n, 605 F.3d 665 (9th Cir. 2010).

42. Plaintiff's Transunion consumer report reflects that Transworld submitted a request to Transunion for a copy of Plaintiff's consumer report on March 28, 2018, April 09, 2018, June 12, 2018, and August 17, 2018.

43. Upon information and belief, the purpose for which Transworld requested a copy of Plaintiff's consumer report from Transunion was to collect the Driving Ticket debt.

44. Transworld is an alleged creditor of Plaintiff, or debt collector in connection with an alleged debt owed by Plaintiff, solely with respect to the Driving Ticket debt.

45. Upon information and belief, Transunion repeatedly furnished a consumer report concerning Plaintiff to Transworld in response to its requests for the same.

46. Upon information and belief, Transworld used a copy of Plaintiff's Transunion consumer

report for the purpose of collecting the Driving Ticket debt.

47. The furnishing and use of Plaintiff's consumer report for the purpose of collecting the involuntary debt is a violation of sections 1681b(a) and 1681b(f) of the FCRA.

48. Defendant's conduct caused actual damages, in invading the Plaintiff's privacy and unlawfully obtaining and viewing the Plaintiff's private and personal information.

49. Defendant's violations of the FCRA were willful, giving rise to liability under 15 U.S.C. § 1681n, because TransUnion knew Transworld collects government and court debts, and did not ensure that Transworld was not obtaining credit reports in collecting those accounts.

50. Defendant's violations of the FCRA were also negligent, giving rise to liability under 15 U.S.C. § 1681o.

## COUNT III
## OBTAINING CREDIT REPORT FOR IMPERMISSIBLE PURPOSE
## 15 U.S.C. § 1681b

*(As To Defendant TransUnion)*

51. All preceding paragraphs are realleged.

52. Plaintiff brings Count III of this action for himself and on behalf of the Class.

53. Section 1681b(a) of the FCRA provides that a consumer reporting agency may furnish a consumer report to a third-party solely under the circumstances listed thereunder. Section 1681e(a) provides in turn that "every consumer reporting agency shall maintain reasonable procedures designed ..... to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title."

54. The collection of a debt alleged to have arisen out of driving violations is not a permissible purpose for furnishing a credit report to a third-party under the FCRA. See, Pintos v. Pacific Creditors Ass'n, 605 F.3d 665 (9th Cir. 2010).

55. Plaintiff's Transunion consumer report reflects that Transworld submitted a request to Transunion for a copy of Plaintiff's consumer report on March 28, 2018, April 09, 2018, June 12, 2018, and August 17, 2018.

56. Upon information and belief, the purpose for which Transworld requested a copy of Plaintiff's consumer report from Transunion was to collect the Driving Ticket debt.

57. Transworld is an alleged creditor of Plaintiff, or debt collector in connection with an alleged debt owed by Plaintiff, solely with respect to the Driving Ticket debt.

58. Upon information and belief, Transunion repeatedly furnished a consumer report concerning Plaintiff to Transworld in response to its requests for the same.

59. Upon information and belief, Transworld used a copy of Plaintiff's Transunion consumer report for the purpose of collecting the Driving Ticket debt.

60. The furnishing and use of Plaintiff's consumer report for the purpose of collecting the involuntary debt is a violation of sections 1681b(a) and 1681b(f) of the FCRA.

61. Defendant's conduct caused actual damages, in invading the Plaintiff's privacy and unlawfully obtaining and viewing the Plaintiff's private and personal information.

62. Defendant's violations of the FCRA were willful, giving rise to liability under 15 U.S.C. § 1681n, because TransUnion knew Transworld collects government and court debts, and did not ensure that Transworld was not obtaining credit reports in collecting those accounts.

63. The fact that Transworld was repeatedly allowed to obtain these credit reports in connection with its collection of government debts reflects that TransUnion's policies and procedures were insufficient.

64. Defendant's violations of the FCRA were also negligent, giving rise to liability under 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a) Awarding Plaintiff and the Class statutory damages;

b) Awarding Plaintiff and the Class actual and punitive damages;

c) Awarding Plaintiff costs of this action and reasonable attorneys' fees and expenses;

d) Awarding pre-judgment interest and post-judgment interest;

e) A declaration that Defendants' conduct alleged herein is in violation of the FCRA as set forth more fully above;

f) A court order enjoining Defendants from such further violations of the FCRA as alleged herein;

g) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable.

DATED this 3rd day of February 2020.

By:   /s/ Ari H. Marcus
Ari H. Marcus, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Email: ari@marcuszelman.com

/s/ Daniel C. Cohen
Daniel C. Cohen, Esq.
COHEN & MIZRAHI, LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Phone: (929) 575-4175
Email: dan@cml.legal

*Attorneys for Plaintiff*
*Ilya Khaimov*